IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LEON POSADA | § | |
| | § | |
| V. | § | CIVIL NO. A-19-CV-770-LY |
| | § | |
| LORIE DAVIS | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Petitioner's "Motion Under 28 U.S.C. 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." Because Petitioner is in state custody, not federal, his motion is construed as an Application for Writ of Habeas Corpus under 28 U.S.C. § 2254. Petitioner, proceeding pro se, paid the full filing fee for this case.

On August 2, 2019, the Court ordered Petitioner to show cause why this action should not be dismissed because he failed to exhaust his state court remedies. Petitioner responds he does not have to exhaust state court remedies because he filed a motion pursuant to § 2255. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed without prejudice for failure to exhaust state court remedies.

## DISCUSSION

The Director has custody of Petitioner pursuant to a judgment and sentence of the 428th Judicial District Court of Hays County, Texas. In Cause No. CR-16-0328, a jury found Petitioner guilty of enhanced theft as a repeat offender and sentenced him to 18 years in prison. Shortly following his sentencing, Petitioner requested "original" habeas corpus relief from the Texas Court of Criminal Appeals, but the court denied leave to file the application in October 2016.

Petitioner also filed a direct appeal, challenging the sufficiency of the evidence. The Sixth Court of Appeals affirmed Petitioner's conviction on May 19, 2017. Posada v. State, No. 06-16-00184-CR, 2017 WL 3205580 (Tex. App. – Texarkana 2017, pet. ref'd). On June 27, 2017, the court of appeals modified the judgment in Petitioner's case after Petitioner filed a motion for rehearing. Id. The Texas Court of Criminal Appeals denied his petition for discretionary review on October 18, 2017. Posada v. State, No. PD-0654-17 (Tex. Crim. App. 2017).

Petitioner also challenged his conviction in an application for habeas corpus relief pursuant to 28 U.S.C. § 2254 in Cause No. A-19-CV-169-LY. On July 9, 2019, the Court dismissed the application without prejudice for failure to exhaust state court remedies. Rather than returning to the state court to properly file a state application for habeas corpus relief, Petitioner returned to this Court by filing a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. As the Court previously explained, Petitioner cannot file a motion under § 2255, because he is not in federal custody. The conviction he wishes to challenge is a state conviction, not a federal conviction. Therefore, he may only file an application for habeas corpus relief pursuant to 28 U.S.C. § 2254.

ANALYSIS

A fundamental prerequisite to federal habeas corpus relief under Title 28 U.S.C. §2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief. Sterling v. Scott, 57 F.3d 451, 453 (5th Cir. 1995), cert. denied, 516 U.S. 1050 (1996). Section 2254(b) provides:

(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that:

    (A) the applicant has exhausted the remedies available in the courts of the State; or

    (B) (i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254. This requirement is designed in the interests of comity and federalism to give state courts the initial opportunity to pass upon and correct errors of federal law in a state prisoner's conviction. Picard v. Connor, 404 U.S. 270, 275-76 (1971). The purpose and policy underlying the exhaustion doctrine is to preserve the role of the state courts in the application and enforcement of federal law and prevent disruption of state criminal proceedings. Rose v. Lundy, 455 U.S. 509, 518 (1982)(citing Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490-91 ( 1973)).

A petition under 28 U.S.C. § 2254 "must be dismissed if state remedies have not been exhausted as to any of the federal claims." Castille v. Peoples, 489 U.S. 346, 349 (1989). The exhaustion doctrine "requires that the Texas Court of Criminal Appeals be given an opportunity to review and rule upon the petitioner's claim before he resorts to the federal courts." Richardson v. Procunier, 762 F.2d 429, 431 (5th Cir. 1985). Once a federal claim has been fairly presented to the Texas Court of Criminal Appeals, either through direct appeal or collateral attack, the exhaustion

requirement is satisfied. See generally, Castille, 489 U.S. at 351. In order to avoid piecemeal litigation, all grounds raised in a federal application for writ of habeas corpus must first be presented to the state's highest criminal court prior to being presented in federal court. Rose, 455 U.S. at 522. If even one claim is unexhausted, the entire petition must be dismissed for failure to exhaust state remedies. Id.

In the present case, Petitioner has not properly presented his claims to the Texas Court of Criminal Appeals. On direct appeal Petitioner's only claim challenged the sufficiency of the evidence. Petitioner does not raise this claim in his federal habeas application.

Petitioner raised claims in his petition for discretionary review that he raises in his federal application. However, he did not raise those claims in his direct appeal before the state appellate court. Raising a claim for the first and only time in a petition for discretionary review does not satisfy the exhaustion requirement. Castille, 489 U.S. at 351.

Petitioner also raised several claims in a motion for rehearing filed with the court of appeals. The court of appeals observed these issues were not raised on appeal. However, the court noted an error in the judgment and modified the judgment to correct it. Raising new issues in a motion for rehearing filed with the appellate court that were not raised in his original appeal does not preserve those issue for review by the Court of Criminal Appeals. Rochelle v. State, 791 S.W.2d 121 (Tex. Crim. App. 1990). As such, Petitioner's motion for rehearing did not exhaust Petitioner's state court remedies with respect to the claims raised in his federal application for habeas corpus relief.

Petitioner also did not exhaust his claims by attempting to file an "original" habeas corpus application with the Court of Criminal Appeals. Texas law through Article 11.07 of the Texas Code of Criminal Procedure provides the process for the post-conviction review of Petitioner's claims.

4

However, Petitioner has not filed a state application for habeas corpus relief under Article 11.07, which procedure is still available to him.

Accordingly, there has been no fair presentation of his claims to the state court, and thus, the state court has not had the initial opportunity to pass upon and correct any alleged errors of federal law. Nevertheless, the exhaustion requirement can be excused when exceptional circumstances exist. Deters v. Collins, 985 F.2d 789 (5th Cir. 1993). However, Petitioner makes no allegations that any exceptional circumstances are present in this case. Therefore, the Court finds that Petitioner has failed to exhaust his state court remedies and has failed to allege any circumstances which would allow the Court to excuse the exhaustion requirement.

## RECOMMENDATION

It is recommended that Petitioner's "Motion Under 28 U.S.C. 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody," construed as an Application for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state court remedies.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained

the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and

recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

**SIGNED** on September 18, 2019.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE